In the Matter of the Claim of CORNELIUS DOHERTY, Respondent, against NEW YORK RAPID TRANSIT CORPORATION, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Claimant was injured August 12, 1926. The injury was to his leg and arm and back, and ankylosis of hip joint. Compensation has been paid for 363 weeks. The appellants claim the award should be confined to schedule losses, and that the award should be limited to ninety per cent loss of use of the arm and leg plus proper healing period. The evidence shows that there were injuries to other parts of the body besides the arm and leg. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of MAX LEVY, Respondent, against HELLMAN & ORENSTEIN and Another, Appellants, and RAISEN & BOGOROD, INC., and Another, Respondents. STATE INDUSTRIAL BOARD, Respondent.— Award against two employers and their carriers. On November 23, 1925, and while working for the first employer, the claimant was injured. The case was closed by a lump sum payment on October 1, 1926. On October 29, 1930, while working for the second employer, he had a second accident; it was determined that the injuries following the second accident were occasioned by both accidents, and the award accordingly made. The first employer and carrier contend that the portion of the award levied against them should be paid from the special fund under section 25a of the Workmen's Compensation Law. The Board decided that application for reopening had been received before the effective date of the amendment to section 25-a of the Workmen's Compensation Law.* Award unanimously affirmed, with costs to the State Industrial Board against the appellants. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

In the Matter of the Claim of LEO TINNEY, Respondent, against CERTAIN-TEED PRODUCT CORPORATION and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— The claimant was injured in 1930. Later, and while working for same employer at another employment in 1933, and while lifting a pail containing pieces of metal, he sustained a second injury. The Board, upon proper supporting evidence, has found that his disability is the result of the second accident, which is the sole question raised on the appeal herein. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

---

* Amended by Laws of 1933, chap. 774, in effect Aug. 26, 1933.— [REP.